## Dekanich v. Karol

*P. Raymond Bartholomew,* for plaintiffs.

*George H. Rowley* and *Archie O. Wallace,* for defendant.

STRANAHAN, P. J., January 9, 1973.—An action in trespass was commenced by writ of summons. Prior to filing the complaint, plaintiffs propounded interrogatories to defendant in which they inquire as to the existence and amount of liability insurance coverage. The interrogatories specifically direct defendant's attention to a particular incident occurring on a particular date.

Defendant has objected to the interrogatories for the reason that they are premature in that no complaint has been filed.

The question before this court is a narrow one and concerns the problem of whether written interrogatories inquiring as to the existence of liability insurance and the amount of insurance coverage must be answered prior to the filing of the complaint if the case has been commenced with a summons in trespass.

Pennsylvania Rule of Civil Procedure 4007(a) provides, in part:

". . . the deponent may . . . be examined regarding any matter, not privileged, which is relevant to the subject matter involved in the action . . ."

There have been numerous lower court opinions written concerning the right to disclosure of insurance coverage, some of these opinions having been written by the Mercer County courts, but it now appears that the Superior Court has laid this matter to

rest in Szarmack v. Welch, 220 Pa. Superior Ct. 407. In that case, the court deals with the question of what the boundaries of relevant subject matter are. This is answered at page 412 when the court says: " 'It seems to this Court that the subject matter of an action includes the entire scope of the adversarial process *from its origin* to the collection of judgment." (Italics supplied.)

We therefore conclude that once an action is begun, plaintiff has the right to require disclosure of insurance coverage and it matters not whether a complaint has been filed.

The practice exists on numerous occasions of commencing settlement negotiations upon the service of a summons, since plaintiff has indicated the fact that he intends to proceed with his claim and the statute of limitations is stopped. At this stage of the case, serious negotiations may be under way between plaintiff and defendant and the disclosure of the amount of coverage is one of the most important items that plaintiff must consider in settlement of the case. Under these circumstances, we believe that divulgence of insurance coverage is relevant subject matter.

Defendant raises the question as to whether or not it can be determined if there is insurance coverage when no actual complaint has been filed. We do not believe that this is a sufficient argument to require the complaint to be filed before interrogatories of this type may be imposed upon defendant. Defendant has the right to know the date and place of the alleged incidents which form the basis of the summons but this information can be stated in the interrogatories. Defendant can also make an answer which may be qualified if there is a question in defendant's mind as to whether his insurance affords

coverage. Such being the case, we believe that defendant should be required to answer the interrogatories at this stage of the proceedings.

We therefore overrule defendant's objections to the interrogatories and direct that she shall answer them.

## ORDER

And now, January 9, 1973, defendant's objections to the interrogatories are overruled and it is directed that she shall answer said interrogatories.